POWERS v. MURRAY.

1. MASTER AND SERVANT—MEMBER OF CREW OF GREAT LAKES VESSEL
   —ACCIDENT ON LAND—FEDERAL ACTS INAPPLICABLE.
   Federal acts relative to navigation or interstate commerce are not
   applicable to automobile accident to member of crew of vessel
   operating on Great Lakes while on an errand on land in this
   State.

2. SAME—WORKMEN'S COMPENSATION ACT—INTERSTATE COMMERCE—
   SEPARABLE INTRASTATE WORK.
   Workmen's compensation act excludes coverage of employers and
   workmen engaged in interstate commerce but includes separable intrastate work (2 Comp. Laws 1929, § 8481).

3. SAME—INTRASTATE WORK—ELECTION TO OPERATE UNDER WORK-
   MEN'S COMPENSATION ACT.
   The workmen's compensation act, in its application to intrastate
   work by employee otherwise engaged in interstate work, contemplates something more fixed than the isolated instance of
   an errand on land by member of a vessel crew, something so
   separable as to be clearly designated in an election to operate
   in such respect under the act (2 Comp. Laws 1929, § 8481).

4. SAME—ACCEPTANCE OF WORKMEN'S COMPENSATION ACT.
   The workmen's compensation act applies to intrastate work when
   clearly separable from interstate commerce but permits approved voluntary acceptance covering workmen working only
   in this State (2 Comp. Laws 1929, § 8481).

5. SAME—CONTRIBUTORY NEGLIGENCE—INTRASTATE WORK—ACCEPT-
   ANCE OF WORKMEN'S COMPENSATION ACT.
   Defense of contributory negligence is open to employer in action
   by employee for injury received by latter during course of employment in this State where employee was engaged in work
   clearly intrastate in character and nonresident employer, otherwise engaged in interstate commerce, had not filed acceptance
   of workmen's compensation act.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 11, 1934. (Docket No. 131, Calendar No. 37,619.) Decided April 28, 1934.

Case by Leo Powers, employee, against James W. Murray, employer, for personal injuries sustained in an automobile accident during the course of employment. Judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Carl Hospers,* for plaintiff.

*Leo H. Kuhn,* for defendant.

WIEST, J. This is an appeal from a summary judgment entered on pleadings in an action *ex delicto.* The facts are not in dispute and the damages, if recoverable, not questioned.

Defendant, a resident of the State of Ohio, owned a vessel, with home port at Cleveland. At Cleveland plaintiff was hired by defendant as a member of the vessel's crew. The vessel was engaged in navigation and interstate commerce. While the vessel was at the port of Port Huron, Michigan, defendant sent plaintiff to Detroit for supplies. While on his way to Detroit, riding in an automobile, belonging to and driven by a fellow servant, plaintiff was injured in an accident occasioned by the negligence of the driver and his own admitted contributory negligence. Plaintiff brought this suit in the Wayne circuit to recover damages, and defendant pleaded Federal acts relative to navigation, employment in interstate commerce, contract of employment in Ohio, assumed risk, contributory negligence and fellow servant rule. The court rendered no opinion but evidently held that the Federal acts had no application because the accident was on land, not in the course of interstate commerce or navigation and the mentioned common-law defenses were excluded by reason of defendant's failure to operate under the workmen's compensation law of Michigan (2 Comp. Laws 1929, § 8407 *et seq.*).

Defendant was not a Michigan employer and plaintiff was not employed under a Michigan contract. The record is silent upon whether defendant was operating under the compensation law of Ohio. We may assume that he was not, because the employment of plaintiff was in navigation and interstate commerce and, therefore, not within the compass of State compensation acts. The accident, however, was not in the course of navigation or interstate commerce and, therefore, Federal acts relative to such employments are not applicable.

The question here, under the particular circumstances disclosed, is whether defendant is deprived of common-law defenses because he did not elect to operate under the compensation law of Michigan in sending a member of his ship's crew to perform an errand on land.

The employment being under an Ohio contract and for general services excluded from compensation acts, and the errand, upon which plaintiff was sent in Michigan being but an isolated instance, could defendant have qualified as an employer operating under the Michigan compensation law? The Michigan compensation act excludes coverage of employers and workmen engaged in interstate commerce but includes separable intrastate work. The statute provides:

"The provisions of this act shall apply to employers and workmen engaged in intrastate commerce, and also to those engaged in interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce." 2 Comp. Laws 1929, § 8481.

This and subsequent provisions of the section relate to an employment calling for services in both interstate and intrastate commerce and clearly separable. No such contract of employment appears in this case. It is not enough to find that, in this instance, the errand was apart from interstate commerce, for the act contemplates something more fixed and, in fact, so separable as to be clearly designated in an election to operate in such respect under the compensation act.

The same section of the statute permits voluntary acceptance of operation of the act as to workmen working only in this State, subject, however, to the approval of the department of labor and industry.

Similar statutes have been construed in *Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514 (109 N. E. 600, L. R. A. 1916A, 403; Ann. Cas. 1916B, 276) ; *Denver & R. G. W. R. Co.* v. *Industrial Commission of Utah*, 60 Utah, 95 (206 Pac. 1103) ; *Hines* v. *Baechtel*, 137 Md. 513 (113 Atl. 126), and the term "separable work" held determinable after the event and according to disclosed circumstances and applicable law. Such cases, however, involved employments in intrastate work and interstate commerce, with each part thereof, in fact and in point of law and under local contracts, clearly separable and, therefore, subjecting the parties to the law of the locality where the services were rendered.

The mentioned provision of our statute, with slight variations, is common to compensation acts. It applies to intrastate work, when clearly separable and distinguishable from interstate or foreign commerce, but permits approved voluntary acceptance covering workmen working only in this State. The Ohio act is similar and also the West Virginia act.

One engaged in interstate commerce may have employees engaged partly in separable intrastate work.

Construction of the Ohio act was made in *Connole* v. *Railway,* 216 Fed. 823.

In *Barnett* v. *Railway,* 81 W. Va. 251 (94 S. E. 150), it was said of a like statute:

"Section 52 was designed to protect employees whose services, although rendered in one general line of employment, sometimes happens to be of a purely intrastate character and at other times so connected with interstate commerce as to make the State law inapplicable. It was framed with a view of avoiding conflict with the jurisdiction of congress over interstate and foreign commerce, because when it exercises that jurisdiction it supplants any State law relating to the same matter. And the protection relates only to so much of the employes' services as are distinguishable from interstate services and are wholly intrastate. And as to such services the act is made to apply only on condition that the employer, and such of his employees as are engaged partly in interstate and partly in intrastate work, but whose employment is wholly in this State, shall have elected in the manner therein provided to make it apply, that is, by filing with the commissioner written acceptances approved by him. The election so made, the statute says, 'shall subject the acceptors irrevocably to the provisions of the act to all intents and purposes as if they had been originally included in its terms.' No such election appears to have been made in the present case, and hence, it cannot be said defendant was in default in not paying any premiums into the compensation fund. There was no way of ascertaining how much it should pay until such election was made, for the act provides that the premiums shall be based on the 'pay-roll of the employees who accept as aforesaid, for work done in this State only.' Not being in de-

fault in any manner mentioned in section 26 of the act, the penalties therein provided could not apply to defendant, because the penalties are conditioned upon a default. It, therefore, follows that both plaintiff and defendant stood upon their common-law rights and remedies.''

The defense of contributory negligence of plaintiff was open to defendant and as plaintiff, by his pleading, confessed his contributory negligence, judgment should have passed for defendant.

Judgment reversed, with costs to defendant, and without a new trial.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.